IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARCUS L. BROOKS,

    Petitioner,

v.                                           Civil Action No. 5:14CV31
                                                (Criminal Action No. 5:11CR41)
UNITED STATES OF AMERICA,                         (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

On March 5, 2014, the pro se[1] petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 18 U.S.C. § 2255. The petitioner was previously convicted by this Court of being a felon in possession of a firearm. Before being convicted, however, his initial counsel had filed a motion to suppress the gun found in his hotel room based on the premise that there was an unconstitutional search. Thereafter, Franklin W. Lash was appointed as his new counsel after the petitioner made an oral motion for new counsel. The suppression motion was then denied. Mr. Lash then filed a motion to dismiss arguing that tapes from the underlying state evidence (a state case which arose out of the exigent circumstances which led to the entering of the petitioner's

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

hotel room by police) had been tampered with which was a Jencks violation. This motion was also denied.

Thereafter, the petitioner filed a notice of intent to change plea and pled guilty without a written plea agreement. He was sentenced to 108 months of imprisonment to be followed by three years of supervised release. The petitioner then filed a direct appeal arguing that this Court had incorrectly denied his suppression motion and his Jencks motion, and had incorrectly considered his 1993 federal narcotics conviction in determining his criminal history score. The United States Court of Appeals for the Fourth Circuit denied his direct appeal and the United States Supreme Court denied his writ of certiorari on April 15, 2013.

After receipt of the petition, the matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. The magistrate judge then ordered the government to respond to the petition. Thereafter, the petitioner filed a supplement to his motion. The government then filed a response to the petition to which the petitioner did not reply. Magistrate Judge Seibert then issued a report and recommendation recommending that the petitioner's § 2255 application be denied and dismissed with prejudice.

The petitioner then filed a motion for an extension of time to file objections asserting that he had not received the government's

response.  The petitioner also filed objections.  This Court then granted the petitioner's motion directing him to file a reply and his objections in the same document so that the petitioner could address all issues that had been raised in the government's response and the magistrate judge's report and recommendation.  The petitioner then filed a reply to the government's response and objections to the report and recommendation.

## II. Facts

In his petition, the petitioner raises six claims, the magistrate judge addresses them in that order, and the petitioner has addressed his objections to them in that order:

(1) His counsel was ineffective in failing to investigate state proceedings which preceded the federal indictment.  The magistrate judge found that this issue had been raised on direct appeal (Jencks motion) and thus, he had been able to fully litigate the claim.  The petitioner concedes that the magistrate judge correctly dismissed this claim in his objections.

(2) His counsel was ineffective in failing to determine whether petitioner's prior convictions comported with *Padilla*.  The magistrate judge found that Padilla v. Kentucky, 559 U.S. 356 (2010), was not applicable as the petitioner was not at risk of deportation.  Further, the magistrate judge found that Padilla has not been made retroactive and thus did not apply to the petitioner.  In his objections, the petitioner contends that his case was not

3

final until 2013 when certiorari was denied and thus, Padilla does apply. Additionally, the petitioner contends that the United States Court of Appeals for the Eleventh Circuit has extended Padilla to a non-deportation context.

(3) His counsel was ineffective in the state court proceedings for his prior convictions and thus, he should be allowed to collaterally attack his prior convictions in his § 2255 petition. The magistrate judge found that the petitioner could not raise this argument at this stage because he had not raised the claim at his sentencing hearing for the federal conviction he is now attacking. Further, the magistrate judge noted that the record does not show that he had attempted to raise the argument previously. The petitioner contends that because state court is more informal and thus he was more likely to receive ineffective assistance, a more lenient standard should be applied than that promulgated in Strickland v. Washington, 466 U.S. 668 (1984).

(4) His counsel failed to raise *Alleyne* and thus because his prior convictions were not proven to a jury beyond a reasonable doubt, they should not have been considered. The magistrate judge first noted that Alleyne, v. United States, 133 S. Ct. 2151 (2013), is not applicable because the petitioner was not subject to a mandatory minimum sentence. Further, the magistrate judge found that Alleyne is not applicable because it has not been made retroactive. Finally, the magistrate judge found that even if

4

Alleyne was retroactive (1) the petitioner's prior convictions only affected his sentencing guidelines range and not a mandatory minimum sentence and (2) the petitioner waived his right to a jury trial in his federal action, thus his counsel would not have succeeded if he had made an Alleyne argument. The petitioner contends that the cases cited by the magistrate judge are not applicable because he is not raising his contentions in a successive or untimely motion. Further, the petitioner asserts that although he waived a jury trial, he did not waive his right to have his prior convictions and the enhancement proved beyond a reasonable doubt.

(5) His counsel failed to raise a challenge pursuant to *Heller*. The petitioner contends that his conviction was unconstitutional pursuant to the Second Amendment and Heller, thus, his counsel should have raised such an argument. The petitioner asserts that he had a gun to protect himself and thus was within his Second Amendment rights. The magistrate judge found that Heller was not applicable because the Supreme Court specifically found that its opinion as to the Second Amendment was not meant to extend to felons, especially those with extensive criminal histories like the petitioner. The petitioner argues that he should not be required to "defend his home with a bat while another felon breaks in with a gun" and thus, his conviction is unconstitutional.

(6) His counsel was ineffective in grossly underestimating the petitioner's sentence. The petitioner contends that Mr. Lash sent him a letter which stated that his sentence would be 57-71 months. The magistrate judge found, however, that given the petitioner's responses at the plea hearing, the petitioner acknowledge that he knew that no one could predict his sentence. The petitioner does not appear to have objected to this finding.

Along with his objections to the report and recommendation, the petitioner filed a motion for extension of time to file written objections and motion for order to recall the report and recommendation. He also filed a reply to the government's response to his petition. However, the petitioner claimed he had not received the response from the government prior to receiving the report and recommendation. This Court then directed the Clerk of Court to send the government's response and granted the petitioner's motion for extension as framed. The petitioner has now filed objections taking into account the government's response.

In his supplemental objections, the petitioner adds that Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014), is applicable. This assertion was previously raised by the petitioner in an amendment to his petition before the report and recommendation but it was not addressed by the magistrate judge. Whiteside is currently being reviewed as the government has been granted a rehearing en banc. It is currently being briefed.

6

Otherwise, it does not appear that the petitioner has changed anything from his previous objections and filings.

Based on the analysis below, this Court finds that the report and recommendation should be affirmed and adopted in its entirety and that petitioner's motion should be dismissed.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## IV. Discussion

The petitioner's claims all arise from his beliefs that either his federal counsel or state counsel was ineffective. The petitioner has failed to satisfy the two-pronged analysis provided by Strickland, to establish a right to an amended sentence or new trial based upon ineffective assistance of counsel. 466 U.S. at 687 (providing that defendant must first show counsel's performance

fell below an objective standard and next show that the defendant was prejudiced by the counsel's performance).

A. <u>Investigation of State Proceedings</u>

The petitioner stated in his objections that he does not object to the magistrate judge's finding that his Fourth Amendment claim is barred. This Court thus finds that the magistrate judge's finding was not clearly erroneous or contrary to law as the magistrate judge correctly applied <u>Stone v. Powell</u>, 428 U.S. 465, 494 (1976) (holding that when a prisoner has had a "full and fair opportunity" to litigate a Fourth Amendment claim, habeas corpus relief may not be granted on that claim).

B. <u>Application of *Padilla*</u>

The petitioner argues that his counsel failed to investigate whether <u>Padilla</u> warnings were properly given for his prior state convictions. However, with the exception of his domestic violence conviction which was ascertained two criminal history points, the petitioner's claim would fail because <u>Padilla</u> has been held to not be retroactively applicable. <u>Chaidez v. United States</u>, 133 S. Ct. 1103, 1113 (2013). Thus, twelve out of the fourteen points the petitioner was assigned would not have been subject to <u>Padilla</u> (two points were assigned because the offense of conviction occurred while the petitioner was on probation). ECF No. 104 in Criminal Action No. 5:11CR41.

Additionally, <u>Padilla</u> is not applicable to the petitioner as he was not subject to deportation. <u>United States v. Reeves</u>, 695 F.3d 637, 640 (7th Cir. 2012) (holding that the Supreme Court meant to limit the scope of <u>Padilla</u> to the context of deportation). Thus, even if <u>Padilla</u> is found to be retroactively applicable or was applicable because of the timing of the petitioner's previous convictions, it still does not conform with the facts of this case. However, the petitioner argues that he is seeking relief pursuant to <u>Padilla</u> generally as it relates to two other Supreme Court cases, <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012), and <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012). This Court will thus consider these arguments albeit in Section F of this opinion.

C.  <u>Consideration of Prior Convictions</u>

The petitioner argues that a more lenient standard should be applied to his ineffective assistance of counsel argument as applied to his state criminal counsel. However, this Court must apply controlling precedent and that controlling precedent is the <u>Strickland</u> standard. As such, this Court finds that the petitioner's argument is without merit.

Further, this Court agrees with the magistrate judge that the petitioner's argument is further barred as it was not raised at the sentencing hearing or at any other time prior to this petition. A defendant may challenge the validity of his prior conviction during his federal sentencing proceedings. <u>Daniels v. United States</u>, 532

9

U.S. 374, 382 (2001). However, as in this case, where the argument is no longer able to made through a direct or collateral attack on its own, the petitioner is barred from raising such an argument. Id.

Finally, the petitioner asserts that the Fourth Circuit's holding in Whiteside is applicable to his case. First, Whiteside is still being challenged as a rehearing en banc was granted. Whiteside v. United States, 2014 WL 3377981, at *1 (4th Cir. July 10, 2014). However, even if Whiteside is upheld, Whiteside only states that a § 2255 petition can encompass an error in applying a career offender enhancement and tolling can be used to fix such an error. Whiteside, 748 F.3d at 554-55. In this action, the career offender enhancement was not applied to the petitioner despite the consideration of his prior state convictions and thus, Whiteside is not applicable to the petitioner.

As such, the petitioner cannot meet the Strickland standard because he cannot show that counsel's performance fell below an objective standard.

D. Application of *Alleyne*

The petitioner contends that his counsel was ineffective in failing to contend the consideration of the petitioner's prior convictions pursuant to Alleyne. In Alleyne, the United States Supreme Court held that any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than

10

determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Alleyne, 133 S.Ct. at 2162. This holding extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), wherein the Supreme Court found that any fact which increased the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury. According to the Seventh and Tenth Circuits, because Alleyne is merely an extension of Apprendi, and the Supreme Court has decided that other rules based on Apprendi do not apply retroactively on collateral review, this implies that Alleyne is also not to be retroactively applied. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); In re Payne, 733 F.3d 1027, 1030 (10th Cir. 2013).

This Court agrees with such reasoning, and finds that such rule should not be applied retroactively on collateral review, as it is not a watershed rule of criminal procedure, as described in O'Dell v. Netherland, 521 U.S. 151 (1997). Further, this decision is in line with numerous other courts that have also found that Alleyne should not be retroactively applied because it is a mere extension of Apprendi. See United States v. Reyes, No. 2:11cv6234, 2013 WL 4042508 (E.D. Pa. Aug. 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 WL 3812087 (S.D. Ohio July 22, 2013); United

11

States v. Stanley, No. 09-0022, 2013 WL 3752126 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 WL 3884176 (E.D. Mo. July 26, 2013).

Thus, based on the above, this Court has held and holds in this action that Alleyne is not to be applied retroactively. Further, as the magistrate judge noted, the petitioner's crime of conviction is not one that contains a mandatory minimum; thus, it appears that Alleyne would not be applicable even if it did have a retroactive effect. See 18 U.S.C. § 922(g)(1) (providing a statutory maximum of ten years but not a statutory minimum).

As such, the petitioner cannot meet the Strickland standard because he cannot show that counsel's failure to raise Alleyne resulted in a performance that fell below an objective standard.

E.   Application of *Heller*

In Heller, the United States Supreme Court stated:

Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

\*2 554 U.S. at 627. In a Fourth Circuit case subsequent to Heller, United States v. Brunson, 292 F. App'x 259, 2008 WL 4180057 (4th Cir. 2008), the defendant on appeal asserted that 18 U.S.C. § 922(g)(1) exceeded Congress's authority under the Commerce Clause and violated the Second Amendment. The Fourth Circuit stated:

12

> We have previously considered and rejected a similar Commerce Clause challenge in United States v. Wells, 98 F.3d 808, 810-811 (4th Cir. 1996). Regarding the Second Amendment, the Supreme Court has recently upheld the "longstanding prohibition on the possession of firearms by felons . . ." Accordingly, Brunson's constitutional challenges to the firearm statue are meritless.

Id. The petitioner has an extensive criminal history which includes a domestic violence conviction, various drug trafficking convictions, and a conviction for breaking and entering. ECF No. 104 at 8-13 in Criminal Action No. 5:11CR41. Accordingly, although the petitioner believes he should not be, the petitioner is prohibited from possessing a firearm. As such, any argument pursuant to Heller would have been meritless and this Court cannot find that the Strickland standard has been met.

F. Counsel's Estimation of Petitioner's Sentence

The petitioner asserts that his counsel underestimated the possible sentence he could receive and thus was ineffective. To reiterate, the petitioner asserts that through Padilla, he has raised the Supreme Court cases of Frye and Lafler. This Court will therefore consider the application of those cases in context of the petitioner's arguments.

In Frye, the Supreme Court set forth the rule that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Frye, 132 S. Ct. at 1408. Clearly, based on the petitioner's assertions, Frye is not applicable to the

allegations of the petitioner.  In this case, his counsel did not fail to convey the government's offer of a plea agreement to the petitioner.  Rather, the petitioner is asserting that counsel failed to accurately convey how the sentencing guidelines would be applied to the petitioner pursuant to that plea agreement.  Thus, Frye is not applicable to the petitioner's case.

However, Frye's general standards can be used to guide this Court's analysis otherwise.  To establish Strickland prejudice, a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  446 U.S. at 694.  In the context of pleas, a defendant must show the outcome of the plea process would have been different with competent advice.  See Frye, 132 S. Ct. at 1388-89 (noting that Strickland's inquiry, as applied to advice with respect to plea bargains, turns on "whether 'the result of the proceeding would have been different[.]'").  Lafler, 132 S. Ct. at 1384.

This Court finds that the petitioner has not shown that the result of the plea process would have been different.  The petitioner stated during his Federal Rule of Criminal Procedure 11 plea hearing that he understood he could receive no more than the statutory maximum sentence, that his counsel had discussed the operable sentencing guidelines, and that the Court could not determine his sentence until a presentence investigation report

14

("PSR") was prepared. ECF No. 120 in Criminal Action No. 5:11CR41. Further, the petitioner confirmed that his entrance into a plea agreement was not based on any promises or predictions of what his sentence would actually be. Id. Based on these affirmations, it cannot be said that the proceeding would have been different.

The Fourth Circuit has held that counsel's erroneous estimate of a likely sentence does not invalidate a plea of guilty when the defendant is informed by the Court that his sentence cannot be specifically predicted and the defendant acknowledges understanding of that fact. United States v. Lambey, 974 F.2d 1389, 194-96 (4th Cir. 1992)(en banc). That holding applies in this action and thus, counsel's alleged underestimated prediction of the petitioner's sentence cannot invalidate the petitioner's guilty plea. As such, this Court finds that the Strickland standard has not been met.

V. Conclusion

For the reasons stated above, based upon a de novo and clearly erroneous review, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety and the petitioner's objections are OVERRULED. Accordingly, the petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail, and to counsel of record

herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   October 9, 2014

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE