IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARCUS L. BROOKS,

    Petitioner,

v.                                                  Civil Action No. 5:14CV31
                                                    (Criminal Action No. 5:11CR41)
UNITED STATES OF AMERICA,                    (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

I.   Procedural History

On March 5, 2014, the pro se[1] petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 18 U.S.C. § 2255. After receipt of the petition, the matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. Magistrate Judge Seibert then issued a report and recommendation recommending that the petitioner's § 2255 application be denied and dismissed with prejudice. After receiving objections from the petitioner, this Court then affirmed and adopted the magistrate judge's report and recommendation in its entirety.

The petitioner raised six grounds based on ineffective assistance of counsel of his state and federal counsel in his

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

petition. This Court found that the petitioner failed to satisfy the two-pronged analysis provided by <u>Strickland v. Washington</u>, to establish a right to an amended sentence or new trial based upon ineffective assistance of counsel. 466 U.S. 668, 687 (1984) (providing that defendant must first show counsel's performance fell below an objective standard and next show that the defendant was prejudiced by the counsel's performance).

The petitioner has now filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) and has requested an evidentiary hearing. In his motion, the petitioner contends that this Court erred in not considering the following cases: <u>Frazer v. South Carolina</u>, 430 F.3d 696 (4th Cir. 2005); <u>Marino v. Drug Enforcement Admin.</u>, 685 F.3d 1076 (D.C. Cir. 2012); <u>Wells v. United States</u>, 739 F.3d 511 (10th Cir. 2014).

For the reasons that follow, this Court finds that the petitioner's motion for reconsideration must be denied.

## II. <u>Applicable Law</u>

Federal Rule of Civil Procedure 60(b) provides that a court may, upon motion or upon such terms as are just, relieve a party from a final judgment, order, or proceeding for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

2

> (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion may also be construed as a motion for reconsideration. "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . . Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." Harsco Corp. v. Zlotnicki, 779 F.2d 907, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Moreover, a motion for reconsideration should not be used to reiterate arguments previously made or as a vehicle to present authorities available at the time of the first decision — a party should not file such a motion "to ask the Court to rethink what the Court had already thought through — rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). Rather, "a motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence." Prudential Securities, Inc. v. LaPlant, 151 F.R.D. 678, 679 (D. Kan. 1993).

III. Discussion

Initially, this Court finds that the plaintiff's Rule 60(b) motion should be construed as a motion for reconsideration as the plaintiff is not raising any new arguments, or asserting any new evidence, but rather is questioning this Court's application of the law to the facts presented by the plaintiff. This Court will now consider the petitioner's arguments as to the law that should have been applied by this Court and his request for an evidentiary hearing.

A. *Frazer v. South Carolina*

In Frazer, the United States Court of Appeals for the Fourth Circuit found that defense counsel has an obligation to consult with his client regarding an appeal. Frazer, 430 F.3d at 712. In this action, the petitioner did not argue that his counsel failed to discuss an appeal with him rather the petitioner made arguments regarding the issues that were raised by his counsel in his state court proceedings and in his federal proceedings. This Court is not required to review new issues pursuant to a motion for reconsideration.

Further, even if this Court were to consider arguments that were not made in the petition, the petitioner's counsel did file a direct appeal of his conviction with the Fourth Circuit and later with the United States Supreme Court. This appeal was denied on both accounts. Thus, it does not appear that Frazer is applicable

4

as the petitioner's counsel did appeal and the petitioner has not made any allegations that his counsel failed to discuss with him the filing of that appeal.

B.  *Marino v. Drug Enforcement Admin.* and *Wells v. United States*

The United States Court of Appeals for the District of Columbia dealt with the application of the Freedom of Information Act ("FOIA") and what needs to be disclosed to a defendant seeking to revisit his conviction. Marino, 685 F.3d 1078. In Wells, the United States Court of Appeals for the Tenth Circuit reviewed the expectation of privacy that a defendant has when occupying a motel room. Wells, 739 F.3d at 514-15. However, the petitioner did not raise an argument as to the FOIA, search and seizure, or a violation of his expectation of privacy in his § 2255 petition. Rather, the petitioner's arguments were grounded in claims regarding his sentence, how his counsel allegedly failed to make arguments that would have reduced the sentence he received, and how prior convictions were considered in reaching the petitioner's sentence. This Court may not now reconsider its decision through a motion for reconsideration on arguments that were not raised in the petitioner or in any of the briefings by the petitioner throughout this action.

C.  Evidentiary Hearing

It is generally within the sound discretion of the district court whether to hold an evidentiary hearing. United States v.

Robinson, 238 F. App'x 954, 955 (4th Cir. 2007). However, when rulings depend on issues of credibility or when there are disputed facts "involving inconsistencies beyond the record, a hearing is mandated." Id. The resolution of the petitioner's action does not involve either resolving inconsistencies beyond the record or credibility issues. This Court was able to make the above findings based on the record itself. Therefore, this Court denies the petitioner's motion for an evidentiary hearing.

IV. Conclusion

Based on the analysis above, the petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.

DATED:    November 4, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE